WILLIAM HARTMAN, RELATOR, v. CITY OF PERTH AMBOY.

---

THE CITY OF PERTH AMBOY, PROSECUTOR, v. DISTRICT COURT OF PERTH AMBOY, WILLIAM HARTMAN ET AL., RESPONDENTS.

Argued February term, 1924—Decided March 27, 1924.

**Salaries—Municipal Officers—Plaintiff's Judgment in District Court by Default, and Though no Defenses Have Been Specified, the Case Not Having Been Proved, Cannot Stand.**

On rule to show cause for a *mandamus*. On *certiorari*.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the city of Perth Amboy, *Samuel E. Serels,* intervenor, and *Jacob S. Karkus.*

For the relator Hartman, *Leo S. Lowenkopf.*

PER CURIAM.

Relator in the *mandamus* proceeding seeks to enforce payment of a judgment of the District Court against the city for alleged back salary, claimed to have been due him as a police officer. Per *contra,* the *certiorari* brings up this judgment for review. The two cases were argued together. Naturally, the court takes up the *certiorari* first, for if the judgment be invalid it is plain that no *mandamus* should issue to enforce it.

Our examination of the judgment record leads us to the conclusion that the judgment should be set aside. It appears that after appearance for the city (although summons was not legally served) and the filing of a specification of defenses the suit was dismissed. There seems to have been a motion to reinstate the case, and though the docket does not so state, we surmise such reinstatement took place, as there was an adjournment to December 28th, and on that date, no one appearing for defendant (although a second specification of defenses was then filed), judgment for plaintiff was ordered entered.

But this judgment had nothing to rest on, so far as appears. In a District Court the plaintiff must prove his case, even on a default and even though no defenses are specified. See *Tricoli* v. *Tramonde,* 95 *N. J. L.* 363. The only evidence offered was a certified copy of certain minutes of the city council. These indicate that about April 5th, 1920, certain charges preferred against relator were referred to the appropriate committee and that on June 21st following, "in view of his acquittal by the court having jurisdiction over such matters," the charges were withdrawn and the resignation of relator was then tendered and accepted. How these records show that relator was entitled to unpaid salary we are at a loss to imagine.

The judgment brought up is reversed and set aside, with costs. The rule to show cause in the *mandamus* action is discharged, with costs.